**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Armando VALENCIA, Defendant–Appellant.**

**No. 01–10167.**

**D.C. No. CR–99–00138–ECR.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 11, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Armando Valencia appeals his jury-trial conviction and 135–month sentence for conspiracy to possess with intent to dis-

tribute, and to distribute methamphetamine, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Valencia contends that a single comment made by the government during closing arguments violated his Fifth Amendment right not to testify. We review alleged prosecutorial misconduct during closing arguments for harmless error, *United States v. Sanchez,* 176 F.3d 1214, 1218 (9th Cir. 1999), and find none. *See United States v. Sayakhom,* 186 F.3d 928, 943 (9th Cir.) (concluding that reversal is justified "only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial"), *amended by* 197 F.3d 959 (9th Cir.1999).

Valencia also contends that 21 U.S.C. § 841(b)(1)(A)(viii) is unconstitutional. This contention is foreclosed by *United States v. Buckland,* 289 F.3d 558, 572 (9th Cir.) (en banc) *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002).

Valencia's contention that his 135–month sentence is unlawful under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also fails. Because Valencia's sentence is within the 20–year statutory maximum allowed when a drug quantity is not determined beyond a reasonable doubt by a jury, 21 U.S.C. § 841(b)(1)(C), there was no plain error. *See Antonakeas,* 255 F.3d at 727–28.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.